| Case No. | 5:20-cv-00102-SVW (JDE) | Date | April 6, 2020 |
|---|---|---|---|
| Title | Lionel Valencia Ruiz v. L.J. Milusnic, Warden | | |

| Present: The Honorable | John D. Early, United States Magistrate Judge | |
|---|---|---|
| Maria Barr | | n/a |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| n/a | | n/a |

**Proceedings:** (In Chambers) Order to Show Cause

On January 14, 2020, Plaintiff Lionel Valencia Ruiz ("Plaintiff"), a federal inmate at FCI-Victorville ("Prison"), located in Adelanto, California, proceeding *pro se* and seeking leave to proceed *in forma pauperis*, filed a Civil Rights Complaint. Dkt. 1 ("Complaint"). Following a screening of the Complaint by the Court, Plaintiff filed a First Amended Complaint ("FAC"). Dkt. 5. Following a screening of the FAC, on March 30, 2020, Plaintiff filed a Second Amended Complaint against two Prison officials for alleged deliberate indifference to serious medical needs in violation of the Eighth Amendment under Bivens v. Six Unknown Agents, 403 U.S. 388 (1971). Dkt. 7 ("SAC"). In the SAC, Plaintiff states a grievance procedure is available to him at the Prison, but he did not start or complete the grievance process because he seeks "monetary funds only." SAC at 1.

The Prison Litigation Reform Act of 1995 ("PLRA") requires a prisoner to exhaust available administrative remedies before bringing an action with respect to prison conditions. 42 U.S.C. § 1997e(a); see also Ross v. Blake, 136 S. Ct. 1850 (2016); Booth v. Churner, 532 U.S. 731, 736 (2001). "The obligation to exhaust 'available' remedies persists as long as some remedy remains 'available.' Once that is no longer the case, then there are no 'remedies . . . available,' and the prisoner need not further pursue the grievance." Brown v. Valoff, 422 F.3d 926, 935 (9th Cir. 2005).

The exhaustion requirement applies to all inmate suits about prison life (Porter v. Nussle, 534 U.S. 516, 532 (2002)), regardless of the relief sought by the prisoner or the relief offered by the process (Booth, 532 U.S. at 741); unexhausted claims may not be brought to court. Jones, 549 U.S. at 211 (citing Porter, 534 U.S. at 524). Exhaustion is not required "when circumstances render administrative remedies 'effectively unavailable.'" Sapp v. Kimbrell, 623 F.3d 813, 824 (9th Cir. 2010). Courts in the Ninth Circuit require a "good-

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-00102-SVW (JDE) | Date | April 6, 2020 |
|---|---|---|---|
| Title | Lionel Valencia Ruiz v. L.J. Milusnic, Warden | | |

faith" effort on the part of inmates to exhaust a prison's administrative remedies as a prerequisite to finding remedies effectively unavailable. Id. at 823–24 (to fall within an exception to exhaustion requirement, "a prisoner must show that he attempted to exhaust his administrative remedies but was thwarted"). In Albino v. Baca, 747 F.3d 1162 (9th Cir. 2014) (en banc), the Ninth Circuit held that administrative exhaustion in prisoner civil rights cases is normally decided on summary judgment except "[i]n the rare event that a failure to exhaust is clear on the face of the complaint." Id. If no exception to exhaustion applies, a prisoner's concession to nonexhaustion is a valid ground for dismissal. Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir. 2003), overruled on other grounds by Albino v. Baca, 747 F.3d 1162, 1166 (9th Cir. 2014). In such circumstances, a court may dismiss an action for failure to exhaust administrative remedies on its own motion. Corona v. Ortiz, 2013 WL 1191833, at *4 (C.D. Cal. Mar. 1, 2013); Bennett v. King, 293 F.3d 1096, 1098 (9th Cir. 2002).

Importantly here, even when the prisoner seeks relief not available in grievance proceedings, such as money damages, exhaustion remains a prerequisite to suit. Booth, 532 U.S. at 741. "Congress has provided in § 1997e(a) that an inmate must exhaust irrespective of the forms of relief sought and offered through administrative avenues." Id. at 741, n.6. A prisoner "seeking only money damages must complete a prison administrative process that could provide some sort of relief on the complaint stated, but no money." Id. at 734.

Here, Plaintiff affirmed a grievance procedure was available to him, and stated he did neither started nor completed that grievance procedure. SAC at 1. Plaintiff explained he did not start or complete the grievance process because the SAC "is for monetary funds only" and because he "is asking for monetary funds as damages." Id. As noted, the fact that a prisoner seeks money damages or otherwise seeks relief not available from the grievance process does not excuse compliance with the requirement that the prisoner complete the grievance process. See Booth, 532 U.S. at 741. Here, Plaintiff's failure to start or complete the process prior to filing suit is apparent on the face of the SAC.

\* \* \*

Based on the foregoing, Plaintiff is therefore ORDERED to show cause in writing within thirty (30) days of the date of this Order why this action should not be dismissed without prejudice pursuant to the PLRA for failure to exhaust administrative remedies. If Plaintiff contends he fully exhausted his administrative remedies regarding his claims prior to filing suit, despite his representations to the contrary in the SAC, he shall so state and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 5:20-cv-00102-SVW (JDE) | Date | April 6, 2020 |
|---|---|---|---|
| Title | Lionel Valencia Ruiz v. L.J. Milusnic, Warden | | |

shall attach copies of all papers relating to the completed administrative grievance procedure. If Plaintiff contends, despite his representation to the contrary in the SAC, that a grievance procedure was not available to him regarding his claims in the SAC, Plaintiff shall so state and set forth all facts with specificity upon which he basis his claim. Lastly, if Plaintiff wishes to voluntarily dismiss this action to commence the Prison administrative grievance process, he may file a Notice of Request for Dismissal to dismiss the action without prejudice to re-filing later, subject to any applicable statute of limitations. <u>The Clerk is directed to provide Plaintiff a blank Notice of Request for Dismissal form with this Order</u>.

The Court will hold screening of the SAC under 28 U.S.C. § 1915A(a) in abeyance until after it has received Plaintiff's response to this Order to Show Cause.

Plaintiff is advised that if he fails to file a compliant response within thirty (30) days of the date of this Order, the Court may dismiss the action for failure to exhaust administrative remedies, for lack of prosecution, and for failure to comply with a Court order. <u>See</u> Fed. R. Civ. P. 41(b).

IT IS SO ORDERED.

Initials of Clerk: mba